UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA CHAVEZ,<br><br>Plaintiff<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC, et al.,<br><br>Defendants | CASE NO. 1:16-CV-1519 AWI SKO<br><br>ORDER SETTING BRIEFING SCHEDULE ON PLAINTIFF'S RULE 41(a)(2) MOTION TO DISMISS<br><br>(Doc. No. 16) |

On November 30, 2016, Plaintiff filed a notice of settlement. See Doc. No. 12. On December 6, 2016, Magistrate Judge Oberto ordered the parties to file dispositional paper within 21 days, per the Local Rules. See Doc. No. 14.

On December 21, 2016, Plaintiff filed a notice of voluntary dismissal and a motion to dismiss pursuant to Rule 41(a)(2). See Doc. Nos. 15, 16. The voluntary dismissal states that the Defendants being dismissed have not filed an answer, but the motion does not actually identify the Defendants. The motion to dismiss states that Defendants Ocwen and Wells Fargo have filed answers. See id. A review of the record confirms that Ocwen and Wells Fargo have indeed filed answers. See Doc. No. 1 at Ex. 3. Although Western Progressive is represented by the same counsel, Western Progressive has not actually filed an answer. Thus, it appears that Western Progressive is the defendant who is the subject of the notice of voluntary dismissal.

The answer of Ocwen and Wells Fargo is significant. Their answer prevents Plaintiff from utilizing Rule 41(a)(1)(A)(i) to unilaterally and automatically terminate this case or a particular defendant. See Fed. R. Civ. P. 41(a)(1)(A)(i); Wilson v. City of San Jose, 111 F.3d 688, 692 (9th

Cir. 1999); Warren v. Green Tree Servicing LLC, 2015 U.S. Dist. LEXIS 22665, *1-*2 (D. Colo. Feb. 24, 2015); Rachel v. City of Mobile, 2015 U.S. Dist. LEXIS 11582, *2-*3 (S.D. Ala. Feb. 2, 2015); Local 2-1971 of PACE Intl. Union v. Cooper, 364 F.Supp.2d 546, 551 (W.D. N.C. 2005); Sullivan b. Bankhead Enterprises, Inc., 108 F.R.D. 378, 382 (D. Mass. 1985). Although Defendant Western Progressive has not filed an answer, because Ocwen and Wells Fargo have not signed the stipulation, Plaintiff's notice of voluntary dismissal is ineffective under Rule 41(a)(1)(A)(i). See id. Therefore, Western Progressive remains a defendant.

With respect to the motion to dismiss under Rule 41(a)(2), Plaintiff's counsel indicates that her client wishes to forgo settlement and prefers to simply dismiss this case. See Doc. No. 16. Plaintiff's counsel also anticipates that Ocwen and Wells Fargo will oppose the dismissal. See id. At this time, there is no hearing date set for the Rule 41(a)(2) motion.

Given the representations of Plaintiff's counsel, the Court will set a briefing schedule. As part of the response/opposition, Defendants will be required to indicate whether they oppose or consent to the dismissal of Western Progressive.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants shall file a response or opposition to Plaintiff Rule 41(a)(2) motion (Doc. No. 16) as soon as possible, but no later than January 4, 2017; and

2. Plaintiff shall file a reply to any response or opposition no later than January 11, 2017.[1]

IT IS SO ORDERED.

Dated:   December 22, 2016                         _____
                                                   SENIOR DISTRICT JUDGE

---

[1] Following review of the parties' papers, if the Court determines that a hearing would be beneficial, it will set a hearing date at that time.

2